UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **William Forest Martin, Jr.**, # 241694,<br>*aka William F. Martin, Jr.*,<br><br>                                        Plaintiff,<br><br>vs.<br><br>**Kevin S. Brackett**, Solicitor;<br>**Michael C. Watkins**, Certified Court Reporter;<br>**James Johnson, Jr.**, Union County Sheriff's Office;<br>**Union County**;<br>**York County**;<br>**Ross Alan Burton**,<br><br>                                        Defendants. | ) C/A No. 0:08-0853-GRA-BM<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The Plaintiff is an inmate at the Tyger River Correctional Institution, and has filed this action *pro se*. He has paid the $350.00 court filing fee.

The SCDC website indicates that the Plaintiff is serving a sentence of eight (8) years for a drug-related offense following a conviction on this charge in the Court of General Sessions for Union County. Plaintiff is suing a Solicitor, a court reporter, an employee of the Union County Sheriff's Office, and a Public Defender, as well as Union County and York County as the individual defendants' "EMPLOYER." The "STATEMENT OF CLAIM" portion of the amended § 1983 complaint reveals that this civil rights action arises out of Plaintiff's criminal case. Plaintiff alleges that Solicitor Brackett intended to get "REVENGE" on the Plaintiff because of an acquittal in an

1



arson case from 1993 by changing venue in the Plaintiff's criminal case and to get a "HIGHER SENTENCE" on the Plaintiff. In his prayer for relief, Plaintiff seeks monetary damages and removal of the individual defendants from office. Plaintiff does not disclose whether a direct appeal was filed in his criminal case, nor is there any indication whether Plaintiff has filed an application for post-conviction relief, although Plaintiff has filed an attorney grievance (07-DE-L-1001) concerning his criminal case. *See* the Plaintiff's answers on page 2 of the amended complaint; and the Plaintiff's exhibit (Entry No. 7-2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*,

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the Plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, this § 1983 complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

First, the above-captioned case is subject to summary dismissal because Plaintiff's asserted right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir.) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, *Candela v. Woods*, 516 U.S. 808 (1995); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995



WESTLAW® 88956 (N.D. Ill., February 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir.), *cert. denied*, *Wambaugh v. Smith*, 519 U.S. 1041 (1996). Until the Plaintiff's conviction or sentence is set aside, any civil rights action based on his conviction, sentence, direct appeal (if any), and related matters will be barred under *Heck*. *Sufka v. Minnesota*, 2007 U.S. Dist. LEXIS® 84544, 2007 WESTLAW® 4072313 (D. Minn., Nov. 15, 2007).

Additionally, even if Plaintiff's claim was not barred by *Heck*, the court reporter, Michael C. Watkins, is immune from suit because of quasi judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such

4



they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*."). The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, *Sceifers v. Vail*, 506 U.S. 1062 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989).[2] *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel).

As for the Defendants York County and Union County, these Defendants are not responsible for actions taken by any state courts within York County or Union County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3] Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not York County or Union County, retains the *sole* authority to supervise magistrates'

---

[2]Insofar as court reporters in *federal* criminal trials are concerned, the holding in *Scruggs v. Moellering*, which granted absolute immunity to court reporters, is not applicable. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) (resolving inter-circuit conflict between circuits holding that court reporters in *federal* criminal trials have absolute immunity and circuits holding that court reporters in *federal* criminal trials have qualified immunity).

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *See State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

5



courts, municipal courts in York County and Union County, and the Circuit Courts for York County and Union County. *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-76 (1988). By virtue of Article V, York County and Union County do not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of York County or Union County. Consequently, York County and Union County are not proper party defendants for Plaintiff's claim because they have no authority over South Carolina's unified judicial system and are not responsible for the alleged violations of the Plaintiff's rights during the relevant times at issue in the above-captioned case, nor are they responsible for actions of the Sixteenth Circuit Solicitor's Office because they do not hire or supervise the Solicitor, who in turn is the one who "hires and fires" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538 (1985). Further, neither York County nor Union County can be held liable for the actions of defendant James Johnson, who is an employee of the Union County Sheriff's Department. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provide that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-1191 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").



With respect to Solicitor Brackett, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Prosecutorial immunity also extends to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992), *cert. denied*, *Partee v. Houston*, 507 U.S. 1005 (1993). Therefore, Brackett is immune from suit insofar as his actions in the Plaintiff's criminal case, appeal (if any), and post-conviction case (if any) are concerned.

As for the Defendant Ross Alan Burton, Plaintiff's former Public Defender, it is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney), *cert. denied*, 454 U.S. 1141 (1982); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).[4]

---

[4]The General Assembly of the State of South Carolina has recently replaced the county-based public defender system with a Circuit-based system. *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system.

7



has not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a Plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*,  526 U.S. 40, 50-52 (1999).  Even if the Plaintiff had alleged a conspiracy on the part of his former attorney with the other defendants, such allegations will not defeat the applicability of *Heck v. Humphrey*.  *See Parra v. New Hampshire*, 40 F.3d 1235 [Table], 1994 U.S.App. LEXIS® 31915, 1994 WESTLAW® 637001 (1st Cir., Nov. 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983.  Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by *Heck*.

*Parra v. New Hampshire*, 1994 U.S.App. LEXIS® 31915 at *6, 1994 WESTLAW® at *2.  *See also Gernard v. Idhe*, 1995 U.S. Dist. LEXIS® 2607, 1995 WESTLAW® 91326, *2 (N.D. Cal., Feb. 28, 1995) ("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question.").

With respect to the final Defendant, James Johnson, while Plaintiff could possibly maintain a § 1983 claim against this Defendant in his individual capacity under some circumstances, *Heck* would still bar this action at this time.  *Pinnick v. Mellen*, 1995 U.S.Dist. LEXIS® 2883, *1, 1995 WESTLAW® 96923, *9 (D. Mass., Feb. 28, 1995) ( "The United States Supreme Court has made it clear that before a prisoner can seek injunctive or monetary relief that would call into

8



question the validity of the conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus."). *Cf. Stubbs v. Hunter*, 806 F. Supp. 81, 82-83 (D.S.C. 1992); *Wetherington v. Phillips*, 380 F. Supp. 426, 428-29 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and *Joyner v. Abbott Laboratories*, 674 F. Supp. 185, 191 (E.D.N.C. 1987).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-354 (2d Cir. 2000) (District Court's...are...capable of determining when an action is frivolous...[and]...may dismiss a frivolous complaint *sua sponte* even when the Plaintiff has paid the required filing fee....Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); *cf. Clark v. United States,* 74 Fed.Appx. 561, 2003 WL 22025055 (6th Cir. (Mich.); *Conner v. Greef*, No. 03-5986, 2004 WL 898866, at **1 (6th Cir. April 26, 2004) [Even where filing fee has been paid, District court may dismiss a complaint *sua sponte* where it is "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"], citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *Hagans v. Lavine,* 415 U.S. 528, 536-537 (1974).

The Plaintiff's attention is directed to the Notice on the next page.

April 25, 2008  Bristow Marchant
Columbia, South Carolina  United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

