UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| William Forest Martin, Jr., # 241694, *aka William F. Martin, Jr.,* | ) ) ) | C/A No.: 0:08-cv-853-GRA-BM |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | (Written Opinion) |
| Kevin S. Brackett, Solicitor; Michael C. Watkins, Certified Court Reporter; James Johnson, Jr., Union County Sheriff's Office; Union County; York County; and Ross Alan Burton, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on April 28, 2008.  Plaintiff filed a suit pursuant to 42 U.S.C. § 1983, arguing that the public officials named as defendants conspired to convict him of drug related offenses in state court in violation of his constitutional rights.  The magistrate recommends dismissing this suit without prejudice.  After filing his objections to the magistrate's Report and Recommendation, Plaintiff moved for this court to stay the immediate action until after his post-conviction relief (PCR) hearing on May 30, 2008.   The court will review this motion also.   For the reasons stated herein, this Court denies the plaintiff's motion to stay the action and adopts the magistrate's Report and Recommendation.

Page 1 of  5

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed timely objections on May 13, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see*

*United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d 198.

Rather than filing specific objections, Plaintiff recited his version of the facts of his case. These are not specific objections. Therefore, the Court need not conduct a *de novo* review of them.

Further, Plaintiff concedes that York and Union Counties should be dismissed, but seeks to add the State of South Carolina and the Sheriff of Union County as defendants to this action. This court DENIES the plaintiff's motion to amend his complaint to add these defendants because such an amendment is futile. The magistrate dismissed the action because, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), the plaintiff's right of action has yet to accrue. Adding new defendants to this action does not remedy this defect; therefore, the amendment is futile. As the amendment is futile, this court denies the plaintiff's motion to amend his complaint.

Finally, the plaintiff moves this court to stay this action until his PCR hearing is complete. He argues that such a stay is necessary because the PCR hearing will result

in new evidence relevant to this case.  According to the clerk of court for sixteenth judicial circuit of South Carolina, the plaintiff's May 30, 2008 PCR hearing was continued, likely until at least the August term.

Though a favorable result for the plaintiff at his PCR hearing could ripen his § 1983 claims, in light of the need for judicial efficiency, this Court denies the plaintiff's motion for a stay.  The Court notes that this decision dismisses this action without prejudice; therefore, if a subsequent PCR hearing results in a favorable ruling for the plaintiff, nothing in this order precludes him from refiling this case.

### Conclusion

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT this case be dismissed without prejudice.

IT IS FURTHER ORDERED THAT the plaintiff's motion to amend his complaint be DENIED.

IT IS FURTHER ORDERED THAT the plaintiff's motion to stay the action be DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 12, 2008
Anderson, South Carolina

## <u>NOTICE OF RIGHT TO APPEAL</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff

has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate

Procedure, **will waive the right to appeal.**